THE NATIONAL CITY BANK OF NEW YORK, Petitioner, *v.* DISTRICT COURT OF HUMACAO, Respondent.

No. 925. Decided December 7, 1933.

*E. T. Fiddler, José G. González,* and *J. L. Córdova* for petitioner.

MR. JUSTICE WOLF delivered the opinion of the Court.

This is a second motion for reconsideration. The petitioner claims a preferential right under a summary mort-

gage proceeding wherein a piece of property or various pieces of property were adjudicated to the petitioner as against a sale made by the People of Puerto Rico to recover certain taxes. The petitioner maintains that part of these taxes, although affecting real estate, were not a lien on the property, as they were outside of the three years next preceding the execution sale, and likewise that another part of the taxes constituted no lien at all because they were excise taxes.

The petitioner attempted to invoke section 71 of the Mortgage Law and sought to have the record made by the Treasurer of Puerto Rico in the registry of property canceled.

We are inclined to agree with the petitioner that there was no appeal from the decision of the district court refusing to apply section 71, *supra, Boscana* v. *Vivas,* * 39 P.R.R. 620; *Lothrop* v. *Casalduc,* 11 P.R.R. 544.

The argument of the petitioner is largely on the basis that it and not the People of Puerto Rico has a preference. A very important ground for denying this application is the idea that we have that matters of substantive or municipal law in a broad sense should first be thrashed out in a trial court and not in the Supreme Court. The importance of the case may be conceded, but in essence for the parties concerned it is not more important than the average cases heard by the various district courts, some of them pending on appeal here. In one way or the other the petitioner in this case should try its action in the district court. The district courts have general jurisdiction over the actions of the registrars and a suit against the registrar might perhaps be a sufficient proceeding. We are not, however, suggesting that this is the proper remedy for the petitioner to pursue.

We have had a doubt in this case by reason of the fact that the People of Puerto Rico might claim to be the proper defendant and not suable, but if this were true it might

---

* NOTE.—This case was erroneously reported in the cited volume (39 P.R.R.) under the short title *"Aguedo* v. *Vivas."*

similarly apply to the attempt to invoke section 71 of the Mortgage Law against the People of Puerto Rico.

The motion for reconsideration will be overruled.

Mr. Justice Córdova Dávila took no part in the decision of this case.

